## GENERAL WATER HEATER CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6070.

Circuit Court of Appeals, Ninth Circuit.

July 7, 1930.

Claude I. Parker and Ralph W. Smith, both of Los Angeles, Cal. (George H. Koster, of Los Angeles, Cal., of counsel), for petitioner.

G. A. Youngquist, Asst. U. S. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., and E. Riley Campbell, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and John Vaughan Groner, Sp. Asst. to Atty. Gen., of counsel), for respondent.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

420

WILBUR, Circuit Judge.

The petitioner was assessed for deficiency of income tax for the years 1921 and 1922 upon the ground that the salaries and bonuses voted by the petitioning corporation to its officers were unreasonably large. The resolution authorizing the payment of salary fixed a lump sum for each officer, and a second resolution added thereto a bonus for the years of 1921 and 1922. The total of salary and bonus voted to the officers of the corporation for the year ending March 31, 1921, was $20,766.39 and for the year ending March 31, 1922, was $24,359.99. The portion of the salary covered by the bonus was $7,433.06 for the year ending March 31, 1921, and $10,609.99 for the year ending March 31, 1922. The Commissioner disallowed the bonus deductions, but allowed the salary deductions in fixing the amount of the deficiency tax. Petitioner appealed from the order of the Commissioner, and on the appeal the Board of Tax Appeals not only disallowed the bonus, but in addition disallowed a portion of the salaries which had been allowed by the Commissioner and fixed the salaries for R. L. Hinckley at $2,500, G. B. Hinckley at $3,000, and D. H. Smith at $2,000, for the year ending March 31, 1921, and for the year ending March 31, 1922, fixed the same salaries for R. L. Hinckley and D. H. Smith and increased the salary allowance for G. B. Hinckley by $600. Petitioner appeals from this order.

It is conceded that it is the duty of the tax authorities to fix the deduction for salaries to which the petitioner was entitled in fixing the tax upon its income. Revenue Act 1921, c. 136, 42 Stat. 227, 254, § 234(a)(1); Revenue Act 1926, c. 27, 44 Stat. 9, § 283(a), 26 USCA § 1064; Treasury Regulations 62, under Revenue Act of 1921, arts. 105, 106, 107; Botany Mills v. United States, 278 U. S. 282, 292, 49 S. Ct. 129, 73 L. Ed. 379. The question is one of fact to be determined by the tax authorities, and their determination is not to be interfered with on appeal if there is substantial evidence supporting the findings of the Board of Tax Appeals. Becker Bros. v. United States (C. C. A.) 7 F.(2d) 3; Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; Andrews v. Commissioner (C. C. A.) 38 F.(2d) 55; Marble & Shattuck Chair Co. v. Commissioner (C. C. A. 6th, April 8, 1930) 39 F.(2d) 393.

To start with the stock of the corporation consisted of 450 shares of preferred stock and four times that amount of common stock issued as a bonus. The invested capital of petitioner for the year ending March 31, 1921, was $45,148. The invested capital for the next year was $57,255.24. The total amount claimed for deduction for salaries for the year ending March 31, 1921, was $20,766.39, leaving a total net income thereafter of $3,390.49. For the next year the amount claimed as compensation for the officers was $24,359.99, leaving a net income of $5,477.96. It is contended that it was reasonable to pay these salaries because after their payment there was left sufficient income to pay 7.5 per cent. on the invested capital for the year 1921, and 9.6 per cent. for the year 1922.

These salaries and bonuses were fixed in proportion to the stock holdings of the stockholders who were all officers of the corporation, and not in accordance with the duties performed by them. The officers of the company owned all of the stock in the proportion in which the salary and later the bonuses were divided. It is claimed by the taxing authorities that the orders of the board of directors fixing the salaries and bonuses were, in effect, a method of declaring dividends upon the stock ownership. On this basis the Commissioner disallowed the portion of the salary allowed as bonus and allowed the balance of the salary as a deduction from the income. Upon the appeal to the Board of Tax Appeals evidence was introduced showing the amount of capitalization of the property, the income of the business, the duties performed by the various officers on behalf of the corporation, and the nature and character of their other employment. The Commissioner of Internal Revenue, at the hearing, amended his answer to the petition before the Board of Tax Appeals and therein claimed further reduction by reason of the fact that the salaries, as distinguished from the bonuses, were unreasonably high. It is conceded by the petitioner that this application was in time to give jurisdiction to the Board of Tax Appeals under section 274(e) of the Revenue Act 1926 (26 USCA § 1048c) to consider the claim of the Commissioner for an increase tax based upon a further reduction of the deductions.

We see no reason for disturbing the finding of the Board of Tax Appeals as to the reasonableness of the salary fixed by it. Petitioner complains that the amendment made at the conclusion of the evidence caught him unawares and intimates that evidence might have been offered upon its behalf that the salaries as paid, as distinguished from the bonuses, were reasonable. No effort was made before the Board of Tax Appeals to introduce other evidence, no complaint was made

that they were taken unawares, no suggestion was made to this court as to what evidence could be presented on behalf of the petitioner that was not already before the Board of Tax Appeals. The sole issue before the Board of Tax Appeals was the reasonableness of the salaries allowed to the officers of the corporation. Without the amendment by the Commissioner claiming a tax greater than that fixed by him, the Board of Tax Appeals would not have been justified in increasing the tax. The amendment to the answer was merely a convenient and appropriate way of asserting a claim to the tax which the evidence showed was properly assessable against the corporation. Whatever weight may have attached to the order of the Commissioner fixing the tax was overcome by the evidence introduced before the Board.

The order is affirmed.