## FULTON OIL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7794.

Circuit Court of Appeals, Ninth Circuit.

Jan. 13, 1936.

Lawrence Tarlton, of Fort Worth, Tex., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and James W. Morris, Sewall Key, Lucius A. Buck, and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This is a petition to review an order of the United States Board of Tax Appeals disallowing certain deductions claimed by the Fulton Oil Company, petitioner, in the return of its income tax for the fiscal year of petitioner beginning April 1, 1926, and ending March 31, 1927.

The petitioner is a Montana corporation and primarily a crude oil producing company.

The deductions are claimed under sections 202 (a), 203 (a), 204 (a), and 234 (a) (4) of the Revenue Act of 1926, 44 Stat. 11, 12, 14, 42, allowing deductions from gross income of losses sustained during the taxable year.

The questions originally raised by the petitioner before the Board of Tax Appeals have been narrowed down to a single question on this appeal of deductions due to loss realized by sale of capital assets; that is, whether or not the petitioner should be allowed as a deduction from its gross income the losses claimed to have been sustained in the taxable year from the sale of three oil tanks for $9,000 which cost the petitioner $84,824, and from the sale of certain shares of stock of the Maple Leaf Refining Company for the sum of $10,-000 which had been acquired by the petitioner by the delivery to the Maple Leaf Refining Company of crude oil of the alleged value of $162,514. Thus the total deduction claimed by petitioner amounts to $213,213.47, the amount of the combined losses.

The Board of Tax Appeals denied the claimed deduction upon the ground that it was "not satisfied that the sale of the tanks and stock was made in good faith," and, as to the stock, upon the further ground that "the cost of the stock to the petitioner was not sufficiently proven."

At the outset it should be noted that the question for consideration is a factual one; that is, whether there was an actual sale and a loss thus sustained. That there was a loss by the petitioning company if the tanks and stock were sold is not questioned, although there is a dispute as to the sufficiency of the evidence to show a loss in the sale of the stock. If there was a loss due to depreciation in value of the tanks and the stock, it was not a deductible loss until the tanks and stock were sold. It matters not that the purpose of the sale was to lay a foundation for such deduction. If there was a sale, that ipso facto entitled the taxpayer to the loss thus sustained. Budd v. Com'r (C.C.A.) 43 F.(2d) 509; Jones v. Helvering, 63 App.D.C. 204, 71 F.(2d) 214.

Was there such a sale? That $19,000 was paid by the purchaser to the petitioner and this sum was retained by the petitioner, and the tanks and stock were transferred to the purchaser, does not seem to be questioned. The difficulty seems to be that the McGinley Corporation, the company that made the purchase, and the Fulton Oil Company were under the same management; that is, Mr. McGinley was the president of both. The Commissioner contends that the relationship of the two corporations was such that the sale was constructively fraudulent, and consequently the purchaser was a constructive trustee for the petitioner. This point seems not to have been pre-

sented to, or considered by, the Board of Tax Appeals. That Board, after stating at great length the evidentiary facts and its conclusions with reference thereto, stated that it was not satisfied that the "sale" was bona fide. It did not find that there was no sale. If we were to consider the effect of the evidence and decide whether or not there was a sale, we would be doing what it was the duty of the Board to do and what we have no authority to do. We must remand the case to the Board of Tax Appeals for a finding as to whether there was a sale, and a consequent deductible loss. Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343; Anderson v. Com'r (C.C.A.9) 78 F.(2d) 636, 637; Belridge Oil Co. v. Helvering (C.C.A.) 69 F.(2d) 432. We refrain from commenting upon the finding of the Board that there was no proof of the cost of the stock of the Maple Leaf Refining Company, for the reason that this question will again be involved in the decision of the Board if it finds that there was a sale of the stock. If the evidence as to cost now before the Board is not considered by the Board to be sufficient, the petitioner should be permitted to supplement its evidence.

Reversed and remanded.