## DILLER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8320.

Circuit Court of Appeals, Ninth Circuit.
June 28, 1937.

Harry Graham Balter, of Los Angeles, Cal., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, John G. Remey, and Warren Wattles, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

In his income tax return for 1927, petitioner claimed a deduction for bad debts in the amount of $34,404.74. The debts in question were represented by promissory notes owned and held by petitioner. Respondent, the Commissioner of Internal Revenue, disallowed the deduction and, in consequence of such disallowance, determined that there was a deficiency of $3,656.39 in respect of petitioner's income tax for 1927, and so notified petitioner, who thereupon petitioned the Board of Tax Appeals for redetermination of the alleged deficiency. Thereafter petitioner filed with the Board an amended petition in which he claimed a further deduction of $56,320.22 on account of an alleged loss from a sale of stock which he claimed to have made on December 15, 1927.

Respondent's answer denied that the debts in question were ascertained to be worthless in 1927, or that they were charged off in 1927, or that the stock in question was sold by petitioner in 1927, or that petitioner suffered any loss from such sale, or that he was entitled to either of the claimed deductions. The case went to trial, evidence was submitted by both parties, and the Board rendered its decision in respondent's favor. Petitioner seeks reversal.

Section 214(a) of the Revenue Act of 1926, 44 Stat. 26, provides:

"In computing net income there shall be allowed as deductions:

. . . . . .

"(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business;

. . .

. . . . . .

"(7) Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

 Questions for the Board's determination were these:

(1) Were the debts in question ascertained to be worthless in 1927? If so, were they charged off in 1927?

(2) Was the stock in question sold by petitioner in 1927? If so, what was its cost basis, what price did petitioner receive for it, and what gain or loss, if any, resulted from the sale?

These were questions of fact as to which the Board should have made, but did not make, findings of fact. The Board filed an opinion in which it found a considerable number of evidentiary facts, but it did not, in its opinion or elsewhere, find the ultimate facts above referred to. Its opinion states:

". . . The respondent contends that the notes are not shown to be worthless in 1927 and that no event occurred in that year to determine their worthlessness. We agree with the respondent.

. . . . . .

". . . The respondent contends that the stock had a substantial value . . . and that there was not a bona fide sale at arms length.

"From the facts before us we are of the opinion that the contention of the respondent is correct. . . . These facts indicate that the transaction was not a sale at arms length but a transfer, at a merely nominal value, of stock which at the time had a very substantial value. . . ."

These statements do not constitute findings by the Board that the notes in question were or were not ascertained to be worthless in 1927, or that they were or were not charged off in 1927, or that the stock in question was or was not sold by petitioner in 1927. A determination of these questions of fact was and is necessary to a decision of the case.

Section 907(b) of the Revenue Act of 1924, 43 Stat. 253, as added by Revenue Act 1926, § 1000, 44 Stat. 107, as amended by section 601 of the Revenue Act of 1928, 45 Stat. 872, 26 U.S.C.A. § 617(b), provides:

"It shall be the duty of the Board . . . to include in its report upon any proceeding its findings of fact or opinion or memorandum opinion. The Board shall report in writing all its findings of fact. . . ."

 The duty thus imposed on the Board cannot be assumed by this court. Our review of the Board's decisions is limited to questions of law. We are not authorized to make findings of fact. Fulton Oil Co. v. Commissioner (C.C.A.9) 81 F.(2d) 330, 332; Eaton v. Commissioner (C.C.A.9) 81 F.(2d) 332, 334; Doernbecher Mfg. Co. v. Commissioner (C.C.A.9) 80 F.(2d) 573, 574; Anderson v. Commissioner (C.C.A.9) 78 F.(2d) 636, 637; Belridge Oil Co. v. Helvering, Commissioner (C.C.A.9) 69 F.(2d) 432, 433.

Decision reversed and case remanded, with directions to make findings of fact and thereupon to render such decision as the facts may warrant.