## KELLEHER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8421.

Circuit Court of Appeals, Ninth Circuit.

Jan. 24, 1938.

HANEY, Circuit Judge, dissenting.

Robert P. Oldham and David H. Jarvis, both of Seattle, Wash., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Daniel Kelleher (hereafter called decedent) died on February 20, 1929. As executor of decedent's last will, petitioner, Campbell Kelleher, filed an income tax return for the period January 1, 1929, to February 20, 1929 (hereafter called the taxable period). Upon auditing this return, respondent, the Commissioner of Internal Revenue, determined that there was a deficiency of $25,045.90 in respect of decedent's tax, and so notified petitioner. Petitioner applied to the Board of Tax Appeals for a redetermination of the alleged deficiency. The Board sustained respondent's determination. Petitioner seeks reversal.

Respondent claimed that on January 1, 1929, decedent and his wife, residents of Washington, owned 6,371 shares of Seattle National Bank stock, all of which were community property;[1] that 300 of the 6,371 shares were acquired in 1928 at a cost of $20,644.85; that the other 6,071 shares were acquired prior to 1927 at a cost of $215,980.50; that decedent, within the taxable period, sold the 6,371 shares and received in payment therefor $100 a share, thus receiving for the 300 shares $30,000, and for the 6,071 shares $607,100; that decedent and his wife thereby realized a net gain[2] of $9,355.15, of which decedent's half was $4,677.58, and a capital net gain[3] of $391,119.50, of which decedent's half was $195,559.75; that in the return filed for the taxable period these items—$4,677.58 and $195,559.75—should have been, but were not, reported as taxable income of decedent; and that, consequently, there was a deficiency of $25,045.90 in respect of decedent's tax.

Petitioner admitted that all of the above-mentioned stock was owned by decedent and his wife on January 1, 1929, and was community property, that the dates of acquisition and cost basis of the stock were as claimed by respondent, and that all of the stock was sold for $100 a share and was fully paid for in 1929, but petitioner denied that the stock or any part of it was sold by decedent, or that decedent received payment therefor, within the taxable period or at all. Petitioner claimed that all of the stock was sold[4] and paid for after decedent's death, and that, therefore, no gain from the sale thereof was or could have been realized by decedent.

Questions presented were: "Did decedent, within the taxable period, sell the 6,371 shares of stock above referred to or any part thereof? If only a part, what part of said stock was sold by decedent within the taxable period? Did decedent, within the taxable period, receive in payment for said stock the sum of $637,100 or any part thereof? If only a part, what part of said sum was so received by decedent within the taxable period?"

These were questions of fact, as to which the Board should have made, but did not make, specific findings. Such findings are necessary to a decision of the case and should be made by the Board, not by this court. In reviewing decisions of the Board, we are not authorized to make findings of fact. Our review is limited to questions of law. Belridge Oil Co. v. Helvering, 9 Cir., 69 F.2d 432, 433; Anderson v. Commissioner, 9 Cir., 78 F.2d 636, 637; Doernbecher Mfg. Co. v. Commissioner, 9 Cir., 80 F.2d 573, 574; Eaton v. Commissioner, 9 Cir., 81 F.2d 332, 334; Fulton Oil Co. v. Commissioner, 9 Cir., 81 F.2d 330, 332; Diller v. Commissioner, 9 Cir., 91 F.2d 194, 195; Von's Investment Co. v. Commissioner, 9 Cir., 92 F.2d 861.

---

[1] In Washington, property acquired after marriage by either husband or wife, or both, unless acquired by gift, bequest, devise, descent, or inheritance, is community property. Remington's Revised Statutes, §§ 6890–6892.

[2] From the sale of the 300 shares.

[3] From the sale of the 6,071 shares.

Having been held for more than two years, these shares were "capital assets," and the net gain, if any, from their sale was "capital net gain." Revenue Act of 1928, § 101, 45 Stat. 811, 26 U.S.C.A. § 101 note.

[4] By petitioner, as decedent's executor.

The Board, in this case, found a great number of evidentiary facts, but not the ultimate facts necessary to a decision. We are now asked to find the ultimate facts, thus relieving the Board of its statutory duty. Revenue Act 1928, § 601, 26 U.S.C. A. § 617(b). This we decline to do.

The decision is reversed, and the case is remanded to the Board, with directions:

1. To find specifically (a) whether decedent, within the taxable period, sold the 6,371 shares of stock above referred to or any part thereof; (b) if only a part, what part of said stock was sold by decedent within the taxable period; (c) whether decedent, within the taxable period, received in payment for said stock the sum of $637,-100 or any part thereof; and (d) if only a part, what part of said sum was so received by decedent within the taxable period; and thereupon,

2. To render such decision as the facts may warrant.

To enable it to make such findings, the Board may, if deemed proper, take further evidence or, if tendered, a stipulation by the parties.

Reversed and remanded.

HANEY, Circuit Judge.

I dissent.

It is true that there are no sufficient findings designated as formal "Findings of Fact." However, we may look to the opinion of the board for such findings. California Iron Yards Co. v. Commissioner, 9 Cir., 47 F.2d 514, 518; Commissioner v. Crescent Leather Co., 1 Cir., 40 F.2d 833, 834; Sheppard & Myers, Inc., v. Commissioner, 3 Cir., 45 F.2d 50, 51; Olson v. Commissioner, 7 Cir., 67 F.2d 726, 728. The board in its opinion determined and found:

"The only question is ¡whether the amount determined by the respondent from the sales of both the 6,071 shares and the 300 shares was income in such taxable period [January 1, to February 20, 1929] * * * The petitioner concedes that sales of the new stock were made during the period, but contends that the sales by the bank were a part of the plan or transaction which was not completed prior to February 20, 1929. In any event we are satisfied that the sale of the new stock had been completed. The purchase price had been received by the bank and interim certificates had been delivered prior to the death of the decedent * * *

"The bank received payment for all shares sold prior to the death of the decedent. The payments received by the bank constituted income of the decedent and his associates at the time received by the bank; and the decedent is taxable on his share of the income * * *

"The proceeds from the sales of decedent's stock must therefore be regarded as, at least, constructively received by him; actual receipt is not essential * * *

"Under all the facts and circumstances shown here the respondent was correct in determining that the decedent derived taxable income in the period January 1 to February 20, 1929, from the sale of his new stock, and respondent's determination is approved. * * *"

In my opinion, the foregoing are findings of fact with respect to the first and third questions set forth in the majority opinion, and, being such, it becomes unnecessary to consider the second and fourth questions contained therein.

The question for our consideration should be and is, Does the evidence support such findings. I think we should consider and determine that question.