WENATCHEE BOTTLING WORKS v. HENRICKSEN, Acting Collector of Internal Revenue.

No. 107.

District Court, W. D. Washington, S. D.
Feb. 27, 1940.

764

Burns Poe, of Tacoma, Wash., for plaintiff.

J. Charles Dennis, U. S. Atty., and Oliver Malm, Asst. U. S. Atty., both of Tacoma, Wash., and Thomas R. Winter, of Seattle, Wash., Representative of Gen. Counsel, Bureau of Internal Revenue, for defendant.

YANKWICH, District Judge (after stating facts as above).

■ It is undisputed that the gross sales of the company were $384,877.89 for 1935 and $460,160.67 for 1936. The net profits, exclusive of salaries, of the two executives, were $16,075.57 for 1935, $21,373.56 for 1936. Experts have testified that, in the light of these facts, the salaries of the two executives for 1936 totaling $27,000 were reasonable. Opinions of experts in a matter of this character have no binding force, even though they be uncontradicted. Their object is merely to give us the benefit of the opinion of persons who may have special knowledge in the particular field. Ultimately, however, this matter must be determined by the court, itself, in the light of the showing made as to the facts and circumstances under which the charge was made.

We must bear in mind that it is not the province of the government to disturb ordinary business practices. I gather that the Commissioner, in allowing the full salary voted in January, 1936, which increased the salaries by $3,000 over the preceding year, thought that an action of this character taken at the beginning of the year, in anticipation of profit, could be justified on reasonable grounds. Revenue Act of 1936, sec. 23(a), 26 U.S.C.A. § 23(a).

■ It might be arbitrary for the government to disallow a salary which is fixed at the beginning of the year and spread over the year, although it may appear to be an increase out of proportion with the changed conditions over. the preceding year. But, the decisions bid us scrutinize any retroactive action taken at the end of the taxable year, when the result of the action is to change taxable into non-taxable funds. See United States v. Philadelphia Knitting Mills Co., 1921, 3 Cir., 273 F. 657; E. Wagner & Son v. Commissioner, 1937, 9 Cir., 93 F.2d 816.

When we are confronted with a situation wherein it appears that at the end of the year, profits which showed on the books of the corporation and which would have been taxable, as such, are diverted retroactively into a salary channel in a year when the salary had already been increased by a similar amount, making the increase, in one case, one hundred per cent, and, in the other, three-fifths, we should inquire into the circumstances in order to determine whether it was a bona fide salary transaction.

It appears from the record, undisputed, that at a meeting of January 4, 1936, the salaries for the year were fixed at $9,000 for Mr. A. M. Garland and $12,000 for Mr. A. L. Roth, representing an increase of $3,000 in the case of each.

We find from the testimony of Mr. Vanderwater, the accountant, that the two executive officers, who are also the sole stockholders of the corporation, were in the habit of drawing moneys, through the year, in varying amounts.

By October 1st, 1936, both had drawn amounts in excess of the salary fixed by the resolution of January 4th, 1936.

On October 5th, 1936, on motion of the treasurer, Mr. Roth, the salary of the president was increased from $9,000 per year to $12,000 per year, retroactive to January 1, 1936, and that of the secretary-treasurer from $12,000 to $15,000 per year, retroactive to January 1, 1936.

No reason was given in the resolution for this increase. There had already been an increase of $6,000 as of January 4th. And it does not appear that any prospects of huge profits for that year were in the minds of the persons affected.

The cash position of the company was not very good. We find in the same minutes of the corporation, the minutes of October 5, 1936, the following: "On motion of A. L. Roth, seconded by A. M. Garland, it was resolved that the corporation pay as much as possible of the Corporation's indebtedness to Mr. Roth and Mr. Garland now standing on the books of the Corporation, as and when finances permitted."

Here are two men who own a concern. They deal with it; they lend to it, at various times through the "lean" years, their own funds. Yet, when they have a "fat" year, instead of reducing the indebtedness of the corporation and, when they are confronted with the possibility of a large profit that would have to be accounted for, and would be subject to taxation, they divert the profit, without any showing of justification, into salaries for themselves, retroactively. Had they proceeded on the original salary without increase, and had it appeared that they were so surprised by the showing of that year, that they felt warranted to make the raise, I think the increase might have been justified. But, here, at the very beginning of the year, they had already restored the salaries to what they had been years before, evidently feeling that the business was improving, and had given themselves a $3,000 increase each.

They then waited until October 5th, at a time when each of them had already drawn more than the full salary and then, retroactively, voted themselves the increase and drew out immediately the balance for the whole year.

■ While, perhaps, from the standpoint of Washington Corporation Law, there is nothing illegal about the transaction, it should not be binding upon the government. For it smacks of an afterthought to avoid taxation, by diverting a substantial sum of money into salaries which had not been contracted for and agreed to in advance.

■ I do not believe that the Government should be compelled to allow a deduction of this character, as a business expense, unless it be made to appear that it was anticipated at the beginning of the fiscal year or was, if it be extraordinary, incurred under circumstances which justified its being made later in the year and its being applied retroactively.

The judgment will be for the defendant, that the plaintiff take nothing by the complaint, the court being satisfied that the action of the Collector of Internal Revenue, in disallowing the deduction and in making the additional assessment, was valid and proper under the law.