## COMMISSIONER OF INTERNAL REVENUE v. STINCHFIELD'S ESTATE.

### No. 11360.

Circuit Court of Appeals, Ninth Circuit.

April 29, 1947.

Sewall Key, Acting Asst. Atty. Gen., Helen R. Carloss and Hilbert P. Zarky, Sp. Assts. to the Atty. Gen., for petitioner.

U. George Krapfel, Laurence A. Masselink and Alfred E. Lindbloom, all of Detroit, Mich. (Beaumont, Smith and Harris, of Detroit, Mich., of counsel), for respondent.

Before DENMAN, STEPHENS and BONE, Circuit Judges.

DENMAN, Circuit Judge.

The Commissioner seeks a review of a decision of the Tax Court that the taxpayer respondent, hereinafter called the estate, had overpaid a federal estate tax and that taxpayer owed nothing by virtue of that tax.

The decedent, whose estate is respondent, desired to make a gift of certain shares of stock to her three stepchildren but on their refusal to accept she and the children sought to evade any inheritance tax by certain transactions determined by the Commissioner to make the value of the shares subject to the estate tax.

The error assigned by the estate in its petition to the Tax Court is the Commissioner's decision that transfer of the shares of stock was made (a) in contemplation of death or (b) to take effect in possession or enjoyment at or after death, and hence the shares are taxable as part of the decedent's estate under Section 811 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 811. The answer of the Commissioner placed in issue both contentions.

The Tax Court decided only the first issue, holding that the transfer was not made in contemplation of death, a decision not questioned here by the Commissioner. It failed to pass upon the second issue, which was stated by the estate in its opening statement of its trial brief, as follows:

"(b) To take effect in possession or enjoyment at or after death.

"The Commissioner also ruled that the transfers of the Parke, Davis and American Radiator stock were to be included in the estate because they were to take effect in possession or enjoyment at or after death.

"Petitioner contends that the transfers took immediate effect; that they did not take effect in possession or enjoyment at or after the death of Mrs. Stinchfield; that when the transfers were made on September 15, 1930 they were completed transfers; that there was no reservation, right of reverter, retention by or any string whatever to Mrs. Stinchfield; no contingency existed on which the stock would revert to her."

because it deemed the briefs filed by the Commissioner did not resist this contention. There was no written or verbal withdrawal of contention (b). The briefs are in the record here and we think they do not show the Commissioner's abandoned resistance to the issue of the taxability of the gift of the shares he decided to be one to take effect in the possession or enjoyment of the donees at or after death.

The Commissioner after the Tax Court's decision moved for a reconsideration and determination of issue (b). We think the Tax Court erred in denying it. The Su-

reme Court has reversed the Tax Court on an issue not presented below and advanced by the Commissioner for the first time on appeal. Hormel v. Helvering, 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037. In Helvering v. Mountain Producers Corp., the Supreme Court in overruling two of its prior tax decisions stated of the "conclusion" on which they were based, "In the light of the expanding needs of state and nation, the inquiry has been pressed whether this conclusion has adequate basis; * * *." Helvering v. Mountain Producers Corp., 303 U.S. 376, 384, 58 S.Ct. 623, 626, 82 L.Ed. 907. Certainly the expanding needs for revenue of State and Nation have not declined since this decision.

The case was tried on the testimony of witnesses heard by the Tax Court's judge. Since it is the intent of Congress that such an issue of fact should be first determined by the Tax Court, we reverse its final determination that the shares be not included in the decedent's estate and remand the case to that court with instructions to make such determination. Diller v. Commissioner, 9 Cir., 91 F.2d 194, 195 and cases cited.

Reversed and remanded.