### KENNEDY NAME PLATE CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 11804.

United States Court of Appeals Ninth Circuit.

Oct. 28, 1948.

Preston D. Orem, of Los Angeles, Cal., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., and Sewall Key, A. F. Prescott, S. Dee Hanson, and Maurice P. Wolk, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, Chief Judge and HEALY, Circuit Judge.

HEALY, Circuit Judge.

This is a petition to review a decision of the Tax Court upholding deficiency assessments in income taxes, declared value excess profits taxes, and excess profits taxes of the petitioning taxpayer for the years ending June 30, 1941, and June 30, 1942.

The Court allowed the taxpayer to deduct only a portion of the total sum paid to its president and secretary, Hayek and Kennedy, as salaries, bonuses and other compensation for the years in question, considering the excess to be unreasonable. Specifically, it disallowed bonuses in the sum of $5,000 each paid to these officers in those years. It regarded the bonuses as being in reality dividend distributions of profits rather than as deductible items of business expense. The question is whether there was substantial evidence to support the finding that the bonus payments were in excess of the reasonable compensation for personal services which the statute permits as deductions from gross income. Internal Revenue Code, § 23 (a) (1) (A), as amended, 26 U.S.C.A. § 23 (a) (1) (A), and regulations thereunder.[1] We think there was.

The record shows that the taxpayer is a closely-held corporation completely controlled by the two officers named. These officers, who constituted a majority of taxpayer's board of three members, owned in equal shares all of taxpayer's outstanding stock except one qualifying share which was held by the third director. No dividends were declared or paid during the taxable years or had been paid since 1938. In April of 1940 the taxpayer had voted to increase the salaries of these officers to $12,000 per year each, retroactive to July 1, 1939. This represented an increase of more than 59% over the year ending June 30, 1940, and much greater increases over 1939 and prior years. In addition, during the taxable years, these officers received as part of their compensation the proceeds from the sales of scrap by the taxpayer in amounts totaling about $3,600. The enlarged salaries plus the added receipts just mentioned were thought by the Court to constitute reasonable compensation. On June 11, 1941, the taxpayer's board voted the bonus of $5,000 each to the two officers.

Numerous decisions of this court and those of other circuits indicate that

---

[1] The applicable treasury regulations provide that the allowance "may not exceed what is reasonable under all the circumstances," and that, in general, reasonable compensation constitutes "only such amount as would ordinarily be paid for like services by like enterprises under like circumstances." Section 19.23(a)-6 (c), Treasury Regulations 103.

the question of the reasonableness of salaries or other compensation claimed as deductions is purely a factual one.[2] The Tax Court's finding of the amount constituting reasonable compensation is normally to be accepted on review if there is substantial evidence to support it. Certainly there is a rational basis in the evidence here for the conclusion arrived at by the Court. Furthermore, its opinion shows that it weighed all the relevant evidence bearing on the subject, including those factors favorable as well as those unfavorable to the taxpayer.

■ The petitioner claims that the Tax Court erred in declining to grant its motion to vacate and set aside the memorandum, findings of fact, and opinion, on the ground that the Court had not complied with the provisions of § 8(b) of the Administrative Procedure Act.[3] The point made is that petitioner was given no opportunity to submit its exceptions to the decision of the single judge sitting in the case, and that petitioner was entitled to a review by a majority of the full Tax Court.

Assuming without deciding that the Tax Court may in some respects be within the scope of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., we think that § 8(b) is inapplicable to Tax Court procedure.

To begin with it is to be observed that § 2 of the Act, after defining the term "agency," provides that "Nothing in this Act shall be construed to repeal delegations of authority as provided by law." Turning to the statute relating to the organization and procedure of the Tax Court, we note a provision authorizing the presiding judge to divide the Court into divisions of one or more members. 26 U.S.C.A. § 1103(c). Section 1118(a) of 26 U.S.C.A. provides that "A division shall hear, and make a determination upon, any proceeding instituted before the Tax Court and any motion in connection therewith, assigned to such division by the presiding judge, and shall make a report of any such determination *which constitutes its final disposition of the proceeding."* (Emphasis supplied.) By subdivision (b) of the same section the report of the division becomes the report of the Tax Court within thirty days after such report, "unless within such period the presiding judge has directed that such report shall be reviewed by the Tax Court."[4]

[2] Among the decisions of this circuit announcing this view are E. Wagner & Son v. Commissioner, 9 Cir., 93 F.2d 816, 818; Sunset Scavenger Co. v. Commissioner, 9 Cir., 84 F.2d 453, 456; General Water Heater Corp. v. Commissioner, 9 Cir., 42 F.2d 419, 420.

[3] "Submittals and decisions.—Prior to each recommended, initial, or tentative decision, or decision upon agency review of the decision of subordinate officers the parties shall be afforded a reasonable opportunity to submit for the consideration of the officers participating in such decisions (1) proposed findings and conclusions, or (2) exceptions to the decisions or recommended decisions of subordinate officers or to tenative agency decisions, and (3) supporting reasons for such exceptions or proposed findings or conclusions. The record shall show the ruling upon each such finding, conclusion, or exception presented. All decisions (including initial, recommended, or tenative decisions) shall become a part of the record and include a statement of (1) findings and conclusions, as well as the reasons or basis therefor, upon all the material issues of fact, law, or discretion presented on the record; and (2) the appropriate rule, order, sanction, relief, or denial thereof." 60 Stat. 237, 242, 5 U.S.C.A. § 1007(b).

[4] Congress was not unaware of the undesirable consequences which would ensue if the Tax Court were required to follow procedure such as those prescribed by § 8(b) of the Administrative Procedure Act. Representative Hobbs, in his remarks on the revision of Title 28 of the Code, has pointed out how the Tax Court procedure has enabled that body to try and dispose of the vast number of cases before it. His remarks make it clear that if § 8 of the Administrative Procedure Act were to be held controlling it would be "impossible for the Tax Court to function expeditiously enough to dispose of its average case load of more than 5,000 cases a year," with the result that Congress would be required greatly to increase the number of judges unless the Court is to fall behind tragically in its disposition of cases. 93 Congressional Record pp. A3483-A3485; also reported in Title 28 U.S.C. West Publishing Company's Congressional Service, 1948, pp. 1986-1991.

The comparable provision of the Administrative Procedure Act, as found in § 7 thereof, states that "nothing in this Act shall be deemed to supersede the conduct of specified classes of proceedings in whole or part by or before boards or other officers specially provided for by or designated pursuant to statute."

We conclude that the relevant procedure of the Tax Court, as prescribed specifically by law, and as followed here, is not affected by the Administrative Procedure Act.

Affirmed.