### MORRISON v. COMMISSIONER OF INTERNAL REVENUE.

No. 13, Docket 21290.

United States Court of Appeals
Second Circuit.

Argued Oct. 14, 1949.

Decided Oct. 26, 1949.

Charles D. Hamel, C. F. Rothenburg and F. C. Niswander, Washington, D. C., attorneys for petitioner Joseph J. Morrison. Theodore Charlebois, Watertown, N. Y., counsel.

Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack and Harry Baum, Special Assistants to the Attorney General, for Respondent, Commissioner of Internal Revenue.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

The question before this court is whether the Tax Court erred in holding that the income for the calendar years 1942-1943 from the partnership known as Morrison's Furniture Store is taxable (with certain adjustments) in its entirety to Joseph J. Morrison, the petitioner, or whether it is taxable equally to the petitioner, his wife and two minor sons, who are all claimed to have been members of the partnership during the tax periods.

For many years prior to the times in question the taxpayer had been in the retail furniture business at Watertown, New York. In December 1939, he made a transfer to his wife of $10,000, consisting of $6,000 which he paid to her as a salary for her work in the year 1939 and $4,000 derived from the earnings of the business. In January, 1940, he gave her $67,000, which represented a half interest in the assets of the business, when added to the items of $6,000 and $4,000 above mentioned. He retained the other half interest amounting to $77,000 as his own property. In August, 1941, the husband

352

and wife gave to each of their two minor sons, who were respectively sixteen and seventeen years old, a quarter interest in the business. An agreement was then entered into, making each of the four a partner in the business and providing that they should share equally in the profits. Gift taxes were paid on the transfers of $67,000 and $4,000 to the wife and on the value of the assets transferred to the children. The taxpayer claims that the foregoing contract constituted a bona fide partnership agreement which should result in splitting the earnings of the business into four parts for income tax purposes. The Commissioner assessed all of the net income against the petitioner, Joseph J. Morrison, except $600 which he allowed as a deduction from the latter's income for the services of Mrs. Morrison each year, and $1,000 which he allowed as a return for each year of 10% on a capital investment by her of $10,000. Upon an appeal by the petitioner, the Tax Court affirmed the assessment on the authority of Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135, and Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679.

The four members of the Morrison family rendered some services to the business during the taxable years and had done so prior to those years, but the Tax Court found that the petitioner had not sustained the burden of showing that any of them acted as partners. Mrs. Morrison was found to have assisted her husband at the store for many years so far as her home duties permitted and without receiving any compensation. The children, prior to the date of the partnership agreement, were paid for their services at the rate of 25 cents an hour. They were only able to give to the business such time as they could spare from school. The partnership was dissolved on August 1, 1944, and the business was then turned over to a corporation. After the incorporation the petitioner's salary became $15,000, his wife's $7,000, and each son's $900. Under the foregoing circumstances the Tax Court found that in the years 1942 and 1943 the father controlled the business, that neither

of the sons drew or was permitted to draw any checks, and that there was no sufficient proof that any checks were drawn by the wife. Finally the Tax Court found by way of summary that the evidence "gives us a picture of a man who was not a partner but in reality a sole proprietor."

The issues raised by this appeal are purely issues of fact. The argument that the decision in Commissioner v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, is contrary to the result reached by the Tax Court is without merit. The latter decision involved facts which might readily require a different conclusion of law from those we have before us in the case at bar for here there was ample evidence to show that there was no intent to create a genuine partnership and the Tax Court decided against the petitioner upon the very theory that no such intent existed.

The order of the Tax Court is accordingly affirmed.