VINCENT O. NAPPI, JR., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7259–71.    Filed May 11, 1972.

Vincent O. Nappi, Jr., pro se.
*H. Lloyd Nearing,* for the respondent.

#### OPINION

DAWSON, *Judge:* This case is before us on respondent's motion to dismiss for lack of jurisdiction.

Petitioner's legal residence was Covina, Calif., when he filed his petition in this proceeding.

A statutory notice of deficiency was mailed by respondent to the petitioner on May 28, 1971, determining an income tax deficiency of $889.96 for the year 1969. After he received the notice of deficiency, the petitioner, through his representative, contacted the Office Audit Group of the Internal Revenue Service in Los Angeles and furnished the auditor with additional information. On September 24, 1971, the petitioner was sent a Report of Individual Income Tax Audit Changes (Form 1902–E) showing a deficiency of $807.27, and a letter which reads, in part, as follows:

Enclosed are two copies of a report supplementing the statutory notice of deficiency we sent you earlier. This report explains changes we made to our proposed adjustments.

\*     \*     \*     \*     \*     \*     \*

If you accept our findings, please sign and return the agreement form. Or if no agreement form is enclosed, sign and return the Consent to Findings on a copy of the report.

If you do not accept, you may, within the period stated in the statutory notice, petition the Tax Court for a redetermination of your tax liability.

This correspondence and consideration of your case has not extended the period in which you may file a petition with the Tax Court. If no petition is filed within the allotted time, we will assess the tax and bill you.

On October 22, 1971, the petitioner sent by certified mail his petition contesting the determined deficiency.

On December 10, 1971, respondent filed a motion to dismiss the case for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by sections 6213(a) and 7502, I.R.C. 1954. On February 22, 1972, the petitioner filed a memorandum in opposition to respondent's motion. A hearing on the motion was held in Los Angeles on April 17, 1972.

Section 6213(a) provides that a petition must be filed with the Tax Court within 90 days after the statutory notice of deficiency is mailed to the taxpayer. The 90-day filing requirement is jurisdictional and this Court does not acquire jurisdiction of the case unless the petition is timely filed. *Estate of Frank Everest Moffat*, 46 T.C. 499 (1966); *Jacob L. Rappaport*, 55 T.C. 709 (1971), affd. 456 F. 2d 1335 (C.A. 2, 1972). Section 7502 provides the circumstances under which timely mailing, as against timely receipt, will be considered as satisfying the requirements for timely filing.

Here the petitioner did not file his petition with the Court until October 22, 1971, which was 147 days after the notice of deficiency was mailed. The subsequent audit changes by respondent did not extend the 90-day period or start the running of a new 90-day period from September 24, 1971. The 90-day period for filing a petition with this Court had already expired when the notice of audit changes was sent to the petitioner. See *Joseph J. Morrison*, 11 T.C. 696 (1948), affirmed on another issue 177 F. 2d 351 (C.A. 2, 1949), which holds that a letter of a revenue agent reallocating partnership income was merely supplemental to the notice of deficiency previously issued, and thus did not constitute an amendment to the notice of deficiency or a new notice.

Petitioner argues that the provisions of the Administrative Procedure Act are controlling in this situation and supplant the requirements of section 6213(a), so as to confer jurisdiction on the Tax Court to hear and decide this income tax controversy.

We reject this argument. The administrative procedure provisions (5 U.S.C. secs. 500 *et seq*) apply to an "agency" of the Government of the United States, but specifically exclude "the courts of the United States." See 5 U.S.C. sec. 551(1)(B). In view of the provisions of section 7441, I.R.C. 1954, as amended by sec. 951 of Pub. L. 91–172, the United States Tax Court is established as a court of record under article I of the Constitution of the United States. Being a court of the United States, it is excluded from the provisions of the Administrative Procedure Act. See and compare *O'Dwyer* v. *Commissioner*, 266 F. 2d 575, 579–580 (C.A. 4, 1959), affirming 28 T.C. 698 (1957); *Anderson* v. *Commissioner*, 164 F. 2d 870 (C.A. 7, 1947); and *Kennedy Name Plate Co.* v. *Commissioner*, 170 F. 2d 196 (C.A. 9, 1948), holding that the Administrative Procedure Act did not apply to the Tax Court before the Tax Reform Act of 1969.

Accordingly, we hold that the provisions of section 6213(a) control and that the petitioner has filed an untimely petition. Respondent's motion to dismiss for lack of jurisdiction will be granted. We note, however, that the petitioner will still be able to have his day in court by paying the deficiency and bring suit for refund.

*An appropriate order will be entered.*