JAMES M. EATON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eaton v. Commissioner
Docket No. 11227-78.
United States Tax Court
T.C. Memo 1981-734; 1981 Tax Ct. Memo LEXIS 14; 43 T.C.M. (CCH) 217; T.C.M. (RIA) 81734; December 28, 1981. James M. Eaton, pro se. Patrick J. Dowling, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules *15 of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined the following deficiencies and additions to tax under sections 6651(a) and 6653(a): Addition to Tax Under
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1971
$ 10,006.50
$ 2,501.53
$ 500.33
1972
20,243.00
5,060.75
1,012.15
1973
23,345.00
5,836.25
1,230.40
1974
22,969.78
5,742.45
1,223.04
1975
5,469.51
273.48
In the statutory notice of deficiency, respondent disallowed various expenses and exemptions claimed by petitioner on his returns for failure to substantiate. Prior to the trial of this case the parties entered into an extensive stipulation of facts regarding these expenses and exemptions. *16 At trial, petitioner offered no evidence to substantiate expenses in excess of the amount stipulated by the parties, but instead focused focused his attention on events leading up to respondenths issuance of the notice of deficiency to demonstrate that the deficiency notice was invalid since it was arbitrary and capricious. In addition, petitioner contested respondent's determination that he is liable for the additions to tax. Accordingly, we must decide (1) whether respondent's notice of deficiency was valid; and (2) whether petitioner is liable for the sections 6651(a) and 6653(a) additions to tax for the taxable years at issue, as determined by respondent. In his rather exhaustive briefs petitioner appears to present additional arguments, the substance and relevance of which we find difficult to discern. As near as we can determine, these include arguments that the income tax is unconstitutional, that compensation for services is not taxable income, and that the unpaid value of petitioner's services to his business is deductible as a "cost" of the ice cream business. None of these arguments are meritorious and we will deal with them summarily in this opinion. FINDINGS *17 OF FACT Some of the facts have been stipulated by the parties and are found accordingly. Petitioner James M. Eaton (hereinafter petitioner) resided in Mission, Kansas, when he filed his petition in this case. Petitioner's 1971 to 1974 Federal income tax returns were hand-delivered to the Internal Revenue Service, Kansas City, Kansas, on the following dates: Taxable Year
Date Delivered
1971
January 5, 1976
1972
January 26, 1976
1973
January 26, 1976
1974
January 26, 1976
Petitioner's 1975 Federal income tax return was filed with the Director of the Internal Revenue Service Center at Austin, Texas, on April 14, 1976. During the first part of 1971 petitioner worked as a magazine salesman. In the middle of 1971 petitioner acquired an ice cream store business which he operated as a sole proprietor until the middle of 1975. During 1977 petitioner's 1972 and 1975 Federal income tax returns were the subject of an audit in respondent's Kansas City, Kansas, office. Over a period of approximately six months respondent's agents made telephone calls and sent letters to petitioner to arrange a meeting with him to conduct the income tax examination. Because *18 none of their attempts were successful, a summons was issued to petitioner on November 17, 1977, for information relating to his 1972 and 1975 returns. Pursuant to the summons petitioner appeared in respondent's Kansas City office on December 5, 1977, with his books and records but refused to allow respondent's agents to examine this material unless he was given immunity from prosecution or allowed to tape-record the meeting. Mr. Youngberg, an office auditor in the Kansas City office, informed petitioner that office policy prohibited the recording of such meetings, and further explained that as an office auditor he was without authority to grant petitioner immunity from prosecution. Petitioner thereupon left the office with his books and records before an examination could begin. Because the November 17, 1977, summons had not been properly served on petitioner, a subsequent summons was issued on February 9, 1978, which required production of petitioner's 1972 and 1975 records. On that date, petitioner appeared in respondent's Kansas City office with his books and records but again refused to allow respondent's agents to inspect them unless he was given immunity from prosecution *19 or allowed to tape-record the meeting. Petitioner's requests were denied for the same reasons stated above. Thereupon, petitioner left the office with his books and records. Subsequently, an audit of petitioner's 1971, 1973 and 1974 income tax returns was commenced and petitioner was requested by letter to provide his records for those years. A meeting was scheduled to examine these records for March 28, 1978. Petitioner appeared in respondent's Kansas City office as scheduled with his books and records, but upon not being given immunity from prosecution petitioner refused to turn over his records. Thereafter, on June 28, 1978, respondent issued his notice of deficiency for the taxable years 1971 through 1975. The deficiencies for the years at issue were primarily from petitioner's failure to substantiate various expenses claimed. The parties stipulated that the net receipts from petitioner's ice cream store business were $ 1,197 for 1971, $ 5,057 for 1972, $ 10,863 for 1973, $ 11,951 for 1974, and $ 1,927 for 1975. Petitioner presented no evidence at trial, either in the form of written records or oral testimony to show that he incurred any expenses in addition to those *20 amounts agreed to by the parties. OPINION Respondent issued the notice of deficiency in the instant case after petitioner repeatedly refused to allow an examination of his books and records. In the notice of deficiency respondent determined the deficiencies for the years 1971 through 1975, after disallowing petitionerhs deductions for failure to substantiate certain expenses, and further determined that petitioner was liable for the additions to tax under sections 6651(a) for 1971 through 1974 and 6653(a) for 1971 through 1975. Petitioner argues that prior to the issuance of the notice of deficiency respondent's agents acted arbitrarily and capriciously in performing the income tax audit, and pursuant to the provisions of the Administrative Procedure Act, 5 U.S.C. sec. 500 etseq. (1977), this Court has jurisdiction to hear his complaint of "unlawful procedure practiced by the Commissioner." In addition, petitioner contends that Mr. Youngberg's refusal to grant immunity from prosecution or allow petitioner to tape-record the meeting constituted a denial of due process. We find petitioner's arguments to be wholly without merit. First, petitioner's *21 contention that we have jurisdiction to hear a taxpayer's complaint concerning respondent's unlawful procedure is in error since the provisions of the Administrative Procedure Act do not apply to judicial hearings in this Court. O'Dwyer v. Commissioner, 266 F.2d 575, 580 (4th Cir. 1959); Nappi v. Commissioner, 58 T.C. 282 (1972). Second, respondent's denial of petitioner's request for immunity from prosecution was not arbitrary and capricious since respondent has no authority to grant immunity from prosecution which is vested exclusively in the United States District Courts upon application of a United States Attorney. See 18 U.S.C. sec. 6001, etseq. (1970). Third, petitioner's contention that he was denied "due process" because he was unable to record the meeting of his income tax audit is misplaced. The Internal Revenue Manual does not allow either respondent or the taxpayer to make their own tape or other verbatim recordings of meetings, except in special circumstances where both sides desire a recording. The rule is based on the reasoning that recordation generally has an adverse affect on the informal setting *22 of such meetings and may inhibit the free exchange of information and opinions. Salman v. Swanson,     F. Supp.     ( D.C.Nev. 1980, 80-2 USTC par. 9574). Petitioner next contends that since the deficiencies as originally determined by respondent in his notice of deficiency greatly exceed his actual tax liability due to concessions by respondent in the stipulation of facts, the issuance of the notice of deficiency was arbitrary and capricious, and therefore, invalid. We give no credence to this argument since petitioner's deductions were disallowed and the notice of deficiency was issued only after petitioner repeatedly refused to cooperate with respondent in his examination. As we stated in Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974): The Commissioner's determination is not made arbitrary or unreasoinable because of his failure to have all the facts when the failure is caused solely by the petitioner. Surely, a taxpayer cannot thwart a bona fide investigation so easily and benefit thereby. We hold that when a taxpayer refuses to substantiate his claimed deductions, the Commissioner is not arbitrary or unreasonable in determining *23 that the deductions should be denied. Petitioner's next argument is that wages, salaries and other compensation for labor are an "equal exchange for the fair market value of the labor provided, and therefore no gain (or 'income'), is derived." This argument is patently frivolous. Compensation received in exchange for services is clearly gross income. Section 61(a)(1); Eisner v. Macomber, 252 U.S. 189 (1920). Petitioner also argues, if we understand it correctly, that the value of his services in operating his ice cream business is deductible as "costs" of the ice cream business. Petitioner did not receive wages or a salary for those services and reported no income from wages or salaries on his tax returns. The value of such services, which incidentally were not proven, are not deductible business expenses under the circumstances. See Reading v. Commissioner, 70 T.C. 730, 733 (1978), affd. per curiam 614 F.2d 159 (8th Cir. 1980), where we held that the cost of personal living expenses were not deductible as a cost of one's own labor. [3]
Petitioner argues in *24 his reply brief that the income tax is unconstitutional. The Supreme Court held to the contrary years ago. Brushaber v. Union Pacific R.R. Co., 240 U.S. 1 (1916). The next issue is whether petitioner is liable for the addition to tax under section 6651(a) for the taxable years 1971 through 1974. Section 6651(a) imposes an addition to tax for failure to timely file a Federal income tax return unless such failure was due to reasoinable cause and not due to willful neglect. Petitioner bears the burden of proof that respondent's determination is incorrect. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Section 301.6651-1(c)(1), Proced. and Admin. Regs., provides in part, that if the "taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to reasonable cause." Petitioner testified that due to his inadequate records and the heavy demands of his business he was unable to file his returns within the time prescribed. This clearly does not constitute reasonable cause, for an individual exercising ordinary *25 business care and prudence would not take on such a heavy workload that he would be unable to fulfill obligations imposed by law to file income tax returns. Dustin v. Commissioner, 53 T.C. 491, 507 (1969), affd. 467 F.2d 47 (9th Cir. 1972). Accordingly, we sustain respondent on this issue. The final issue for decision is whether petitioner is liable for the addition to tax under section 6653(a). Section 6653(a) imposes a five percent addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules and regulations. Once again, petitioner bears the burden of proof that respondent's determination is incorrect. Welch v. Helvering, supra; Rule 142(a), Tax Court Rules of Practice and Procedure. Since petitioner offered no credible evidence to refute respondent's determination, we sustain respondent on this issue. Petitioner did not present evidence with respect to, nor argue on brief, any of the other adjustments made by respondent in the notice of deficiency, so those adjustments are approved. To reflect the foregoing and the stipulations of the parties, Decision will be entered under *26 Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Clark v. Commissioner, T.C. Memo. 1966-22↩.