DANIEL C. POE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Poe v. Commissioner
Docket No. 16736-82.
United States Tax Court
T.C. Memo 1983-149; 1983 Tax Ct. Memo LEXIS 644; 45 T.C.M. (CCH) 1041; T.C.M. (RIA) 83149; March 21, 1983. Daniel C. Poe, pro se. Frank A. Falvo, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of *646 considering and ruling on respondent's Motion for Judgment on the Pleadings filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Judgment on the Pleadings filed pursuant to Rule 120, Tax Court Rules of Practice and Procedure, [2] on January 13, 1983. In his notice of deficiency issued to petitioner on April 7, 1982, respondent determined deficiencies in petitioner's Federal income tax and additions to the tax for the taxable calendar years 1978 and 1979 in the following respective amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax
Section 6653(b) [3]
Section 6654
1978
$826.00
$413.00
$16.30
1979
749.00
374.50
23.27
*647 The only adjustments to income as determined by respondent in his deficiency notice are for unreported wages received by petitioner in 1978 and 1979 from Maranatha Bible College, Watertown, Wisconsin in the respective amounts of $7,110.00 and $7,200.00. Petitioner, at paragraph 4 of his timely filed petition alleges: 4. The determination of tax set forth in the said notice of deficiency is based upon the following errors: a. Adjusted Gross Income $7,110.00 $7,200.00 [4]
*648 Respondent filed his answer on August 18, 1982 in which he denied the allegations of paragraph 4 of the petition and all of the allegations of paragraph 5 thereof except he admitted that petitioner is a natural individual and that petitioner demanded a jury trial. At paragraph 8 of his answer respondent affirmatively pleaded as to the income tax deficiencies and the additions to the tax under section 6653(b). Since petitioner filed no reply respondent, on November 8, 1982, filed a Motion for Entry of Order that Undenied Allegations in Answer be Deemed Admitted. Respondent served a copy of his motion on petitioner on November 3, 1982. By Notice, a copy of which was served on petitioner on November 9, 1982, the Court calendared respondent's motion for hearing at Washington, D.C. on December 8, 1982. When the case was called from the calendar on December 8, 1982, no appearance was made by or on behalf of petitioner and no reply had been filed. After the hearing, the Court by Order dated December 8, 1982 granted respondent's motion and deemed admitted for purposes of this case the undenied affirmative allegations of fact contained in paragraphs 8(a) through (h) of respondent's *649 answer. On promulgation of our Order the pleadings herein were closed. See Rules 34, 36, 37, 38, and 120. On January 13, 1983 respondent filed his motion herein under consideration. A copy thereof together with a copy of the Court's Notice of Filing, giving petitioner until February 17, 1983 in which to file an objection to respondent's motion, were served on petitioner by the Court on January 18, 1983. Petitioner filed an objection on February 22, 1983. The following findings of fact are based on the record as a whole, allegations of respondent's answer admitting allegations in the petition and those facts in respondent's answer deemed admitted by our December 8, 1982 Order. FINDINGS OF FACT Petitioner's legal address on the date he filed his petition was Route 6, Box 265-A, Morgantown, West Virginia. He filed no 1978 Federal income tax return with the Internal Revenue Service. For the taxable year 1979, petitioner submitted a Form 1040 to the Internal Revenue Service wherein he filled in virtually every line with the following language "Object-Self incrimination". For the taxable years 1978 and 1979 petitioner received wages from the Maranatha Bible College, Watertown, *650 Wisconsin in the respective amounts of $7,110 and $7,200. Petitioner's failure to report said wages for 1978 and 1979 by failing to file Federal income tax returns for those years was fraudulent with intent to evade tax. Petitioner failed to cooperate with the respondent in the determination of his income tax liabilities for 1978 and 1979. A part of the underpayment of tax resulting from petitioner's failure to file valid Federal income tax returns for 1978 and 1979 is due to fraud with intent to evade tax. OPINION Respondent, on the basis of the pleadings, seeks a judgment in his favor respecting the income tax deficiencies and the additions to the tax. Petitioner, on the other hand, while exhorting the Court to deny respondent's motion, regretably and fatally has totally failed to properly plead his case. It is abundantly clear, upon review of the petition filed herein, that no justiciable error has been alleged with respect to respondent's determinations respecting the income tax deficiencies and the additions to the tax and no justiciable facts in support of such error are extant therein. While petitioner has failed to raise any factual issue respecting respondent's *651 income tax deficiency determinations and his determinations for all of the additions to the tax, respondent, in sharp contrast through the affirmative allegations of fact contained in his answer, which have been deemed admitted, has affirmatively shown the existence of said income tax deficiencies and all of the additions to the tax. Petitioner has contended himself, in his petition and objection filed on February 22, 1983, which we find to be without merit, with unleashing a plethora of frivolous legal and constitutional contentions which have been rejected by this Court and others on innumerable occasions. We answer most of them hereinbelow. [5]
It is admitted that petitioner received wage income in 1978 and 1979 in the respective amounts of $7,110 and $7,200 none of which was reported on valid Federal income tax returns filed for those years. Gross income means all income from whatever source derived. Section 61. "One's gain, ergo his 'income,' from the sale of his labor is the *652 entire amount received therefor without any reduction for what he spends to satisfy his human needs". Reading v. Commissioner,70 T.C. 730, 734 (1978), affd. 614 F.2d 159 (8th Cir. 1980). "Although the wages [gross income] received by [petitioner] may represent no more than the time-value of his work, they are nonetheless the fruit of his labor, and therefore represent gain derived from labor which may be taxed as income". (Emphasis added.) See Rice v. Commissioner,T.C. Memo. 1982-129, and cases cited therein. [6] In United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980), the Court said--"* * * the Sixteenth Amendment is broad enough to grant Congress the power to collect an income tax regardless of the source of the taxpayer's income. * * *." [Citations omitted.] *653 Petitioner is an individual required to file valid Federal income tax returns for 1978 and 1979. Sections 1 and 6012. Respondent issued a valid notice of deficiency, a timely petition was filed and this Court has jurisdiction of this case. Sections 6212, 6213 and 6214. The determinations made by respondent in his notice of deficiency respecting the income tax deficiencies and the additions to the tax under section 6654 are presumed correct; the burden is on petitioner (not respondent) to show those determinations are wrong, and the imposition of the burden of proof is constitutional. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975); Rule 142(a). This Court generally (as is the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedure involved in making his determinations. Proesel v. Commissioner,73 T.C. 600 (1979); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). It is well established that in the Tax Court there is no right *654 to a jury trial under the Seventh Amendment to the Constitution guaranteeing a jury trial in common law actions. Cupp v. Commissioner,65 T.C. 68 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3rd Cir. 1977). See Wickwire v. Reinecke,275 U.S. 101 (1927); Olshausen v. Commissioner,273 F.2d 23, 27 (9th Cir. 1959); Swanson v. Commissioner,65 T.C. 1180 (1976); section 7453. Petitioner's reliance on United States v. Anderson,584 F.2d 369 (10th Cir. 1978), is misplaced. That case was a refund suit in the United States District Court for the District of Wyoming, where jury trials are permitted. While petitioner may, indeed, petition this Court as he did (sections 6212 and 6213), he had an option to seek another forum. Drake v. Commissioner,554 F.2d 736, 739 (5th Cir. 1977). However, since he opted to file a petition with this Court, the mere filing of that petition is sufficient to deprive a U.S. District Court of jurisdiction for the years now before this Court. Moreover, we have no authority to remove this case to a U.S. District Court. Dorl v. Commissioner,57 T.C. 720, 721-722 (1972), *655 affd. 507 F.2d 406 (2d Cir. 1974). Petitioner's due process rights have not been abrogated or abridged here. Ginter v. Southern,611 F.2d 1226 (8th Cir. 1979); Cupp v. Commissioner,supra.His general assertion that his Fourth and Fifth Amendment rights have been violated is without merit. In Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), the Court, in affirming a decision of this Court in a tax protester case and awarding double costs to the appellee (the Commissioner of Internal Revenue) said--"* * * Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search or seizure". Accord, McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), affd. 696 F.2d 1234 (9th Cir. 1983), where the Court reached the same result in another tax protester case. [7]
*656 It is admitted that petitioner filed no Federal income tax return for 1978 and that the Form 1040 submitted for 1979 contained the language "Object-Self incrimination" on virtually every line. The 1979 Form 1040, which contained no information upon which petitioner's tax could be computed, did not constitute a valid 1979 Federal income tax return within the intendment of the Internal Revenue laws. Jarvis v. Commissioner,78 T.C. 646, 652-655 (1982), and cases cited therein. See Ammen v. Commissioner,T.C. Memo. 1982-476. The administrative procedure provisions (5 U.S.C. secs. 500, et seq) apply to an "agency" of the Government of the United States, but specifically exclude "the Courts of the United States". 5 U.S.C. sec. 551(1)(B). This Court is established as a court of record under Article I of the Constitution of the United States. Section 7441. Being a Court of the United States, it is excluded from the provisions of the Administrative Procedure Act. Nappi v. Commissioner,58 T.C. 282, 284 (1972), and cases cited therein; Eaton v. Commissioner,T.C. Memo. 1981-734. *657 See McQuiston v. Commissioner,78 T.C. 807, 811 n. 7 (1982). Finally, we turn our consideration to the additions to the tax under section 6653(b). The burden of proof with respect to the fraud issues is upon respondent to prove, by clear and convincing evidence, that some part of the underpayment of tax was due to fraud with an intent to evade tax. Section 7454(a); Rule 142(b); Imburgia v. Commissioner,22 T.C. 1002 (1954). That burden can be satisfied by respondent through those undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981); Marcus v. Commissioner,70 T.C. 562 (1978), affd. in an unpublished opinion 621 F.2d 439 (5th Cir. 1980); Gilday v. Commissioner,62 T.C. 260 (1974). [8] Here material factual allegations in the answer with respect to fraud with intent to evade tax have been deemed to be admitted by our order of December 8, 1982. In our view, those findings of fact clearly and convincingly establish fraud with intent to evade tax and we rely on them in sustaining respondent's determinations under section 6653(b). *658 On this record, respondent has demonstrated to our satisfaction that the pleadings do not raise a genuine issue of material fact, but rather involve only issues of law. Accordingly, for the reasons heretofore expressed herein, his motion will be granted. An appropriate order and decision will be entered.
Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. Petitioner did not allege error with respect to respondent's determinations respecting the additions to tax under either sec. 6653(b) or sec. 6654. In such circumstance, Rule 34(b)(4) provides in pertinent part--"* * * Any issue not raised in the assignment of errors shall be deemed to be conceded. * * *." See Jarvis v. Commissioner,78 T.C. 646, 658 (1982). Moreover, this includes additions to tax for fraud under sec. 6653(b). Gordon v. Commissioner,73 T.C. 736, 739↩ (1980). Furthermore, not one justiciable fact respecting any of respondent's determinations is to be found in any of the subparagraphs of paragraph 5 of the petition.
5. It is crystal clear to the Court that petitioner is yet another in a seemingly unending parade of tax protesters bent on glutting the docket of this Court and others with frivolous claims.↩
6. Indeed, for more than 66 years it has been well established that wages received in exchange for services rendered constitute taxable income. Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); Tyee Realty Co. v. Anderson,240 U.S. 115 (1916). See also Hebrank v. Commissioner,T.C. Memo. 1982-496↩.
7. See also Watson v. Commissioner,690 F.2d 429 (5th Cir. 1982), 50 AFTR2d 82-6042, 82-2 USTC par. 9652, where the Court of Appeals for the Fifth Circuit, in affirming a decision of dismissal of this Court, rejected a Fifth Amendment claim, and Lonsdale v. Commissioner,661 F.2d 71 (5th Cir. 1981), affg. T.C. Memo. 1981-122↩.
8. See Hahn v. Commissioner,T.C. Memo. 1982-717; Cincotti v. Commissioner,T.C. Memo. 1982-657; Van Lancker v. Commissioner,T.C. Memo. 1982-446; Imes v. Commissioner,T.C. Memo 1982-95; Stouffer v. Commissioner,T.C. Memo. 1982-29; Coastal Shipping Co., Inc. v. Commissioner,T.C. Memo. 1981-382; Burnette v. Commissioner,T.C. Memo. 1981-381. See and compare Gordon v. Commissioner,73 T.C. 736, 739 (1980), where we said-- "Any issue, including addition to tax for fraud under section 6653(b), not raised in the assignment of errors [it was not raised here] is deemed conceded by the petitioner. * * * If the fraud allegations are deemed admitted * * * by motion under Rule 37(c), the respondent may move for judgment on the fraud issue on the basis of the facts deemed admitted pursuant to Rule 120↩ (Judgment on the Pleadings), Rule 121 (Summary Judgment), or Rule 122 (Submission Without Trial). Generally, the facts deemed admitted constitute sufficient proof of fraud without the necessity of affirmative proof by respondent. * * *".