711 F.2d 1064
 83-2 USTC P 9496
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.H. McQuiston and Dorothy T. McQuiston, Petitioners and Appellants
v.
Commissioner of Internal Revenue, Respondent-Appellee.
 No. 82-7476.
 United States Court of Appeals, Ninth Circuit.
 June 7, 1983.
 
 Before: GOODWIN, TANG and FLETCHER, Circuit Judges.
 
 Memorandum
 
 1
 The Tax Court was not empowered to award costs or attorneys' fees to appellants, whose action in Tax Court commenced in 1971. Attorneys' fees cannot be awarded against United States absent a specific waiver of sovereign immunity. See NAACP v. Civiletti, 609 F.2d 514, 516 (D.C.Cir.1979), cert. denied, 447 U.S. 922 (1980).
 
 
 2
 The Equal Access to Justice Act (EAJA) authorizes the award of fees and other expenses against the Government in certain "agency actions" 5 U.S.C. § 504 (Supp. IV 1980), and "civil actions," 28 U.S.C. § 2412 (Supp. IV 1980). Courts are specifically excluded from the definition of agency under 5 U.S.C. § 404(a)(1), which has the same definition as in 5 U.S.C. § 551(1)(B) (1976). See 5 U.S.C. § 504(b)(2) (Supp. IV 1880). Nor was this a "civil action" under § 2412, for § 2412 by its terms extends only to those "civil actions" taking place in "courts." See 28 U.S.C. § 2412(a), (d) (Supp. IV 1980). "Courts" are defined for purposes of Title 28 to include only those courts whose judges "are entitled to hold office during good behavior," see 28 U.S.C. § 451 (1976), and the judges of the Tax Court are entitled to hold office only for 15-year terms, see 26 U.S.C. § 7443(d) (1976). See generally Nappi v. Commissioner, 58 T.C. 282, 284 (1972); Tax Equity and Financial Responsibility Act (TEFRA) of 1982, 6 CCH vol. 70 at 444 n. 1. Furthermore, appellants are not entitled to an award under the fee and expense recovery provisions of the Administrative Procedures Act (APA), again because the Tax Court is not an "agency" subject to the provisions of the APA. See 5 U.S.C. § 551(1)(B) (1976).
 
 
 3
 Although Petitioner cannot prevail, we note that Congress has since authorized for proceedings commenced after February 28, 1983, the attempted relief sought here. Reasonable litigation costs may now be awarded where a taxpayer prevails in U.S. Tax Court and the government's position was unreasonable. See TEFRA, supra, Pub.L. No. 97-248, Title II, § 292(a), (e)(1), 96 Stat. 324, 572, 574.
 
 
 4
 The Tax Court judgment is AFFIRMED.