ROBERT E. BURTON AND MARY BURTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burton v. Commissioner
Docket No. 25726-82.
United States Tax Court
T.C. Memo 1983-455; 1983 Tax Ct. Memo LEXIS 334; 46 T.C.M. (CCH) 924; T.C.M. (RIA) 83455; August 3, 1983. *334 Held, in these circumstances, respondent's determinations of an income tax deficiency and an addition to the tax under sec. 6653(a), I.R.C. 1954, sustained. Held further, on the Court's own motion, damages are awarded to the United States in the amount of $500 since this proceeding was instituted merely for delay. Sec. 6673, I.R.C. 1954. Robert E. Burton and Mary Burton, pro se. Jonathan J. Ono, for the respondent. CANTREL MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Judgment on the Pleadings filed pursuant to Rule 120, Tax Court Rules of Practice and Procedure, on June 2, 1983. [1] *335 Therein respondent seeks summary adjudication in his favor on the legal issues at bar, i.e., the determined income tax deficiency and addition to the tax under section 6653(a). [2]
Respondent, in his notice of deficiency issued to petitioners on July 28, 1982, determined a deficiency in petitioners' Federal income tax and an addition to the tax under section 6653(a) for the taxable calendar year 1980 in the amount of $3,051.00 and $152.55, respectively. As best we can understand this record the only adjustment to income determined by respondent in his deficiency notice is for wages received by petitioners in 1980 in the amount of $21,257.00. Petitioners resided at 4813 Cannon Circle, Las Vegas, Nevada on the date they filed their petition herein. They filed a joint 1980 Federal income tax return with the Internal Revenue Service. Petitioners timely mailed and, thus, timely filed their petition on October 27, 1982. [3] Respondent filed his answer to the petition on December 9, 1982. Hence, the pleadings are closed. See *336 Rules 34, 36, 38, and 120. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error * * *". It is clear to the Court that petitioners are yet others in a seemingly unending parade of tax protesters bent on glutting the docket of this Court and others with frivolous claims. It is clear beyond doubt that their petition alleges no justiciable error with respect to the Commissioner's determinations and no justiciable facts in support of such error are extent therein. [4] *337 Since they have no valid defense to the Commissioner's determinations they use this forum as a platform to unleash a plethora of frivolous legal and constitutional contentions which have been rejected by this Court and others on innumerable occasions. We answer petitioners' frivolous claims, as gleaned from this record, hereinbelow. Respondent issued a valid notice of deficiency, a timely petition was filed and this Court has jurisdiction of this case. Sections 6212, 6213, and 6214. The determinations made by respondent in his notice of deficiency are presumed correct; the burden of proof is on petitioners [not respondent] to show those determinations are wrong, and the imposition of the burden of proof is constitutional. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975); [5] Rule 142(a). This Court generally (as is the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determinations. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). Petitioners *338 have not been wrongfully denied a jury trial. [6] "The Seventh Amendment does not apply to suits against the United States, because there was no common law action against the sovereign. McElrath v. United States,102 U.S. 426, 440 (1880). Thus, it has repeatedly been held that there is no constitutional right to a jury trial in the Tax Court. Phillips v. Commissioner,283 U.S. 589, 599 n. 9 (1931); Dorl v. Commissioner,507 F.2d 406 (2d Cir. 1974), affg. 57 T.C. 720 (1972); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Lonsdale v. Commissioner,661 F.2d 71, 72 (5th Cir. 1981), affg. a Memorandum Opinion of this Court". Rowlee v. Commissioner,80 T.C. No. 61 (filed on June 15, 1983) Slip Opinion at 7-8; section 7453. While petitioners may, indeed, petition this Court as they did (sections 6212 and 6213), they had an option to seek another forum. Drake v. Commissioner,554 F.2d 736, 739 (5th Cir. 1977). However, since they opted *339 to file a petition with this Court, the mere filing of that petition is sufficient to deprive a U.S. District Court of jurisdiction for the year now before this Court. Moreover, we have no authority to remove this case to a U.S. District Court. Dorl v. Commissioner,507 F.2d 406 (2d Cir. 1974), affg. 57 T.C. 720 (1972). Gross income means all income from whatever source derived including (but not limited to) wages. It includes income realized in any form, whether in money, property, or services. Section 61. Income as defined under the Sixteenth Amendment is "gain derived from capital, from labor, or from both combined". Eisner v. McComber,252 U.S. 189, 207 (1920). Section 61 encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). See United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980), where the Court said--" * * * 'the earnings of the human brain and hand when unaided by capital' are commonly treated as income" and "* * * the Sixteenth Amendment is broad enough to grant Congress the power to collect an income tax regardless of the source of the taxpayer's income". [Citations omitted.] "One's gain, ergo his 'income, *340 ' from the sale of his labor is the entire amount received therefor without any reduction for what he spends to satisfy his human needs". + Reading v. Commissioner,70 T.C. 730, 734 (1978), affd. 614 F.2d 159 (8th Cir. 1980). "Although the wages [gross income] received by [petitioners] may represent no more than the time--value of [their] work, they are nonetheless the fruit of [their] labor, and therefore represent gain derived from labor which may be taxed as income".[Emphasis added.] Rice v. Commissioner,T.C. Memo. 1982-129, and cases cited therein. See also Rowlee v. Commissioner,supra at 14-19, and cases cited therein. Petitioners claim that respondent's determinations are arbitrary is wholly frivolous. They have failed to allege any fact or legal theory that would tend to show that respondent's inclusion of wages as income is incorrect. Indeed, they cannot. The administrative procedure provisions (5 U.S.C. secs. 500, et seq) apply to an "agency" of the Government of the United States, but specifically exclude "the Courts of the United States". 5 U.S.C. sec. 551(1)(B). This Court is established as a court of record under Article I of the Constitution of the United States. *341 Section 7441. Being a Court of the United States, it is excluded from the provisions of the Administrative Procedure Act. Nappi v. Commissioner,58 T.C. 282, 284 (1972), and cases cited therein; Eaton v. Commissioner,T.C. Memo. 1981-734. See McQuiston v. Commissioner,78 T.C. 807, 811 n. 7 (1982). On this record, respondent has demonstrated to our satisfaction that the pleadings do not raise a genuine issue of material fact, but rather only involve issues of law. Accordingly, for the reasons heretofore expressed herein, respondent's Motion for Judgment on the Pleadings will be granted. [7]
The final matter we consider is whether, in the circumstances here extant, we should, on our own motion, award damages to the United States under section 6673[8] *344 and, if so, in what amount. We addressed the very heart of this matter in September of 1977 in Hatfield v. Commissioner,68 T.C. 895, 899 (1977), when we stated in clear and unequivocal language: In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without *342 any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. Many citizens may dislike paying their fair share of taxes; everyone feels that he or she needs the money more than the Government. On the other hand, as Justice Oliver Wendell Holmes so eloquently stated: "Taxes are what we pay for civilized society". Compania de Tabacos v. Collector,275 U.S. 87, 100 (1927). The greatness of our nation is in no small part due to the willingness of our citizens to honestly and fairly participate in our tax collection system which depends upon self-assessment. Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge the Commissioner's *343 determinations; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. Access to the courts depend upon a real and actual wrong--not an imagined wrong--which is susceptible of judicial resolution. General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred. [9]
While we did not award damages in Hatfield we issued this warning--" * * * but if tax protesters continue to bring such frivolous cases, serious consideration should be given to imposing such damages". [Citations omitted.] Similar warnings were promulgated in Crowder v. Commissioner,T.C. Memo. 1978-273 and Clippinger v. Commissioner,T.C. Memo. 1978-107. Tax protest petitions continued to be filed with this Court with increased frequency and, finally, upon motion of respondent, we began awarding damages to the United States in appropriate cases. See Wilkinson v. Commissioner,71 T.C. 633 (1979) and Greenberg v. Commissioner,73 T.C.806 (1980). [10] Shortly after we issued Greenberg we, for the first time, awarded damages in a proper circumstances on our own motion. Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981).[11] Petitions *345 filed merely for delay continued to overburden this Court's docket. In recognition of this fact, on June 15, 1981, we aptly stated-- It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, *346 at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. [McCoy v. Commissioner,76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).] This Court is not the only Court that has considered and awarded damages, either on its own motion or on motion of the Commissioner, in a proper case. In a tax protester situation, where one of the frivolous issues was whether the U.S. Constitution forbids taxation of compensation received for personal services, the Fifth Circuit Court of Appeals stated in late 1981-- Appellants' contentions are stale ones, long settled against them.as such they are frivolous. Bending over backwards, in indulgence of appellants' pro se status, *347 we today forbear the sanctions of Rule 38, Fed. R. App. P. We publish this opinion as notice to future litigants that their continued advancing of these long-defunct arguments invites sanctions, however. [Lonsdale v. Commissioner,661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122.][12]
In Knighten v. Commissioner,702 F.2d 59 (5th Cir. 1983), affg. per curiam an unreported order and decision of this Court, the Court of Appeals following its warning took action. There, damages were not sought nor awarded in our Court. Damages were sought by the Commissioner and awarded in the Court of Appeals. [13]
The Court of Appeals for the Ninth Circuit has, in a summary and decisive manner, awarded damages (under Rule 38, Fed R. App. P.) in several tax protester cases on its own motion. On July 7, 1982, in Edwards v. Commissioner,680 F.2d 1268, 1271 (9th Cir. 1982), affg. per curiam an unreported decision entered by this Court, *348 that Court said-- Meritless appeals of this nature are becoming increasingly burdensome on the Federal Court system. We find this appeal frivolous,Fed. R. App. P. 38, and accordingly award double costs to appellee [the Commissioner of Internal Revenue]. [Citations omitted.] [Emphasis added.] Accord, McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Barmakian v. Commissioner,698 F.2d 1228 (9th Cir. 1982), affg. without published opinion an unreported order and decision of this Court; Martindale v. Commissioner,692 F.2d 764 (9th Cir. 1982), affg. without published opinion an unreported order and decision of this Court. [14]
Here, petitioners have instituted these proceedings and have asserted as their defense to the Commissioner's determinations nothing but frivolous contentions. Petitioners with genuine controversies have been delayed while we considered this case. In these circumstances, petitioners cannot and have not shown that they, in good faith, have a colorable claim to challenge the Commissioner's determinations. Indeed, they knew when *349 they filed their petition that they had no reasonable expectation of receiving a favorable decision. There has been no change in the legal climate and in view of the extensive and long well settled case precedents, no reasonably prudent person could have expected this Court to reverse itself in this situation.[15] "When the costs incurred by this Court and respondent are taken into consideration, the maximum damages authorized by the statute ($500) do not begin to indemnify the United States for the expenses which petitioner's frivolous action has occasioned. Considering the waste of limited judicial and administrative resources caused by petitioner's action, even the maximum damages authorized by Congress are wholly inadequate to compensate the United States and its other taxpayers. These costs must eventually be borne by all of the citizens who honestly *350 and fairly participate in our tax collection system. * * *". Sydnes v. Commissioner,supra at 872-873. Since we conclude that this case was brought merely for delay, the maximum damages authorized by law ($500) are appropriate and will be awarded pursuant to section 6673. To reflect the foregoing. An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to sec. 7456(c) and (d), Internal Revenue Code of 1954, as amended and Delegation Order No. 8 of this Court, 81 T.C. VII (1983). Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. See Widzowski v. Commissioner,T.C. Memo. 1975-201↩. All rule references are to the Tax Court Rules of Practice and Procedure. 2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. See sec. 7502.↩
4. In such posture, Rule 34(b)(4) states, in part--"Any issue not raised in the assignment of errors shall be deemed to be conceded". See Jarvis v. Commissioner,78 T.C. 646, 658 (1982), and Gordon v. Commissioner,73 T.C. 736, 739 (1980). See and compare Russell v. Commissioner,60 T.C. 942, 943-944↩ (1973).
5. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Ninth Circuit.↩
6. Petitioners' reliance on United States v. Anderson,584 F.2d 369↩ (10th Cir. 1978), is misplaced. That case was a refund suit in the United States District Court for the District of Wyoming where jury trials are permitted.
7. Petitioners have filed no objection to respondent's motion although they were afforded an opportunity to do so by the Court.↩
8. Sec. 6673 provides-- "Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax". We observe that in proceedings commenced after December 31, 1982 this Court is permitted to impose damages up to $5,000 where those proceedings have been instituted or maintained by the taxpayer primarily for delay or where taxpayer's position in such proceeding is frivolous or groundless. See secs. 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574. 9. The language in the first paragraph quoted above, so true when stated, is all the more impelling today because of the ever increasing caseload of this Court.↩
10. See also, Goodrich v. Commissioner,T.C. Memo. 1983-414); Cornell v. Commissioner,T.C. Memo. 1983-370; Stamper v. Commissioner,T.C. Memo. 1983-248; Sommer v. Commissioner,T.C. Memo. 1983-196, on appeal (7th Cir. July 12, 1983); Jacobs v. Commissioner,T.C. Memo. 1982-198; Senesi v. Commissioner,T.C. Memo. 1981-723, affd.     F.2d     (6th Cir. 1983); Swann v. Commissioner,T.C. Memo. 1981-236↩, dismissed (9th Cir. 1982). We note that the predecessor of the statute we now consider, which in essence, contained virtually identical language, was enacted by Congress in 1926. 11. See also Vickers v. Commissioner,T.C. Memo. 1983-429; Mele v. Commissioner,T.C. Memo. 1983-387; Ballard v. Commissioner,T.C. Memo. 1982-56; and Graves v. Commissioner,T.C. Memo. 1981-154, affd. without published opinion 698 F.2d 1219↩ (6th Cir. 1982), where damages were awarded on our own motion.
12. Rule 38, Federal Rules of Appellate Procedure, provides-- DAMAGES FOR DELAY. If a Court of Appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to appellee.↩
13. Double costs were assessed against Mr. Knighten.↩
14. In none of the four cases decided by the Ninth Circuit were damages sought or awarded in this Court.↩
15. "* * * [A] person's intent in performing an act includes not only his motive for acting (which may be defined as the objective which inspires the act), but also extends to include the consequences which he believes or has reason to believe are substantially certain to follow." Greenberg v. Commissioner,73 T.C. 806, 814↩ (1980).